IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CECIL WILSON, #21984-078 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:16cv834 |
| | § | CRIMINAL ACTION NO. 4:13cr281(29) |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is *pro se* Movant Cecil Wilson's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, asserting violations concerning his Eastern District of Texas, Sherman Division conviction. After careful consideration and for the reasons stated below, the Court will deny the motion.

## BACKGROUND

On February 19, 2015, Movant pleaded guilty pursuant to a plea agreement to (1) conspiracy to possess with the intent to distribute 500 grams or more of methamphetamine or 50 grams or more of methamphetamine (actual) and (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 924(c), respectively. His plea agreement was entered into the record on March 6, 2015. On August 11, 2015, the Court sentenced Movant to 168 months' imprisonment for conspiracy and 60 months' imprisonment for possession of a firearm, to be served consecutively. On July 7, 2016, the United States Court of Appeals for the Fifth Circuit dismissed Movant's appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967). The Fifth Circuit held that, after reviewing the record and Movant's reply brief, it found there were "no non-frivolous issues" for appellate review. *United States v. Wilson*, 667 F. App'x 471, 472 (5th Cir. 2016).

Movant filed the instant § 2255 motion on November 1, 2016. In it, he asserts he is entitled to relief because the Court erred when it did not provide a minor role adjustment pursuant to Amendment 794 at sentencing. He also claims that appellate counsel should have argued on direct appeal that he was entitled to a minor role adjustment in the conspiracy. The Government filed a response, claiming Movant's issues are barred from collateral review and are without merit, to which Movant filed a reply.

## STANDARD FOR FEDERAL HABEAS CORPUS PROCEEDINGS

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-1301 (5th Cir. 1992) (*citations omitted*). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). Conclusory allegations, which are unsupported and unsupportable by anything else contained in the record, do not raise a constitutional issue in a habeas proceeding. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983). The role of § 2255 has been defined by the Fifth Circuit as follows:

> Section 2255 provides relief for a petitioner who can establish that either (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack.

*United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted). "Section 2255 does not reach errors of constitutional or jurisdictional magnitude that could have been reached by a direct

2

appeal." *Id.* Similarly, "issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) (citing *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980)); *United States v. Goudeau*, 512 F. App'x 390, 393 (5th Cir. 2013).

## MOVANT'S GUILTY PLEA

Movant pleaded guilty pursuant to a written plea agreement. Because Movant raises an issue that is barred from collateral review pursuant to his guilty plea waiver, the Court first examines whether Movant knowingly and voluntarily pleaded guilty. The Fifth Circuit upholds the informed and voluntary waivers of post-conviction relief. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

In his plea agreement, Movant waived his rights to plead not guilty, to be tried by a jury, to have his guilt proved beyond a reasonable doubt, to confront and cross-examine witnesses, to call witnesses in his defense, and to not be compelled to testify against himself. He understood the charge and the elements of the offenses, as well as the possible sentences he faced. Movant stipulated that his guilty plea was freely and voluntary given, and not the result of force, threats, or promises, other than those contained in the written plea agreement. Also included in his plea agreement was the following waiver provision:

> Except as otherwise provided in this paragraph, the defendant waives the right to appeal the conviction, sentence, fine, order of restitution, or order of forfeiture in this case on all grounds. The defendant further agrees not to contest the conviction, sentence, fine, order of restitution, or order of forfeiture in any post-conviction proceeding, including, but not limited to a proceeding under 28 U.S.C. § 2255. The defendant, however, reserves the right to appeal any punishment imposed in excess of the statutory maximum. The defendant also reserves the right to appeal or seek collateral review of a claim of ineffective assistance of counsel.

Cause No. 4:13cr832(29) (Dkt. #832). Movant's plea agreement also states:

3

> The defendant has thoroughly reviewed all legal and factual aspects of this case with defense counsel and is fully satisfied with defense counsel's legal representation. The defendant has received satisfactory explanations from defense counsel concerning each paragraph of this plea agreement, each of the defendant's rights affected thereby, and the alternatives to entering a guilty plea. After conferring with counsel, the defendant concedes guilt and has concluded that it is in the defendant's best interest to enter this agreement rather than proceeding to trial.

*Id.* Movant states, "this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises other than those set forth in this agreement." *Id.*

At Movant's change of plea hearing, he said he understood the charges and the elements of the offenses and the minimum and maximum sentences he could receive. Movant read the plea agreement before signing it, and understood its contents. The Court admonished Movant as to his waiver of rights and the rights he was reserving. Movant confirmed that no one had coerced him or induced him to plead guilty, and that the facts contained in the Factual Statement were true. At the conclusion of the hearing, the Court again verified that Movant understood the terms of his agreement, that the statements contained in his Factual Statement were true and correct, and that the plea was knowing and voluntary. Formal declarations in open court carry a strong presumption of truth. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Accordingly, the plea hearing shows that Movant's guilty plea was knowing and voluntary.

In his Factual Statement, Movant said that he "and one or more persons in some way or manner made an agreement to . . . knowingly and intentionally possess with the intent to distribute and dispense at least 500 grams but less than 15 kilograms of a mixture or substance containing a detectable amount of methamphetamine or at least 500 grams but less than 1.5 kilograms of methamphetamine (actual)." Criminal Action No. 4:13cr281(29) (Dkt. #834). Movant also said he

"knew the unlawful purpose of the agreement and joined in it with the intent to further it." *Id.* Movant said his role was "to supply co-conspirators with kilogram quantities of methamphetamine from various sources, which would then be distributed to other co-conspirators and co-defendants during the term of the conspiracy." *Id.* Movant also stated that he "did knowingly possess firearms . . . in furtherance of the commission of the crime." *Id.* The Court concludes that Movant's plea was knowing and voluntary after reviewing the plea agreement itself and various other documents including the transcript from the plea hearing. Accordingly, the plea agreement must be upheld. *Wilkes*, 20 F.3d at 653.

In the instant motion, Movant claims his sentence was improper because he was not given credit for being a minor participant pursuant to Amendment 794. He does not allege that his sentence exceeded the statutory maximum – an issue reserved for review in his plea agreement. Under Movant's waiver contained in his knowing and voluntary plea agreement, this issue is waived. Furthermore, it is well settled that a court's technical application of the sentencing guidelines does not give rise to a constitutional issue under § 2255. *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 2016); *States v. Towe*, 26 F.3d 614, 616 (5th Cir. 1994) (court's technical application of the sentencing guidelines does not constitute a constitutional claim).

## INEFFECTIVE ASSISTANCE OF COUNSEL

Movant also asserts he is entitled to relief based on ineffective assistance of appellate counsel – an issue reserved for collateral review. A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction requires the defendant to show the performance was deficient and the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Failure to make the

required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Id*. at 700. A movant who seeks to overturn his conviction on the grounds of ineffective assistance of counsel must prove his entitlement to relief by a preponderance of the evidence. *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Strickland*, 466 U.S. at 690. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981).

A movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Movant must "affirmatively prove," not just allege, prejudice. *Id*. at 693. If he fails to prove the prejudice component, a court need not address the question of counsel's performance. *Id*. at 697. The right to effective assistance of counsel is provided not only at trial, but also extends to direct appeal, *See Sharp v. Puckett*, 930 F.2d 450, 453 (5th Cir. 1991),

To prevail on a claim of ineffective assistance of counsel on appeal, the petitioner must make a showing that had counsel performed differently, there would have been revealed issues and arguments of merit on the appeal. *Id.* In a counseled appeal after conviction, the key is whether the failure to raise an issue worked to the prejudice of the defendant. *Id.* This standard has been affirmed by the Supreme Court. *See Smith v. Robbins*, 528 U.S. 259, 285 (2000) (holding that the petitioner must first show that his appellate attorney was objectively unreasonable in failing to find arguable issues to appeal, and also a reasonable probability that, but for his counsel's unreasonable failure to

file a merits brief raising these issues, he would have prevailed on his appeal). *See also Williams v. Taylor*, 529 U.S. 362 (2000); *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

Furthermore, an appellate counsel's failure to raise certain issues on appeal does not deprive an appellant of effective assistance of counsel where the petitioner did not show trial errors with arguable merit. *Hooks v. Roberts*, 480 F.2d 1196, 1198 (5th Cir. 1973). Appellate counsel is not required to consult with his client concerning the legal issues to be presented on appeal. *Id*. at 1197. An appellate attorney's duty is to choose among potential issues, using professional judgment as to their merits – every conceivable issue need not be raised on appeal. *Jones v. Barnes*, 463 U.S. 745, 749 (1983).

In this case, Movant's appellate counsel filed an *Anders* brief in which appellate counsel stated he found no meritorious issues to raise on appeal. *Wilson*, 667 F. App'x at 472. The Fifth Circuit agreed after reviewing the record and Movant's reply brief, and it found there were "no non-frivolous issues" for appellate review. *Id*. Movant claims that counsel was ineffective for failing to raise the issue that his sentence should have received the two-level adjustment as a minor participant pursuant to Amendment 794.

The record shows that in the original PSR, paragraph 19 stated:

> Adjustment for Role in the Offense: Although the defendant stipulated that he knew or it was reasonably forseeable to him from jointly undertaken activity that the conspiracy involved at least 5 kilograms but less than 15 kilograms of a mixture or substance containing a detectable amount of methamphetamine or at least 500 grams but less than 1.5 kilograms of methamphetamine (actual) and that his role in this conspiracy was to supply conspirators with kilogram quantities of methamphetamine from various souces, the evidence indicates that he was a courier of a single drug transaction in a 49 defendant drug conspiracy. There is no evidence that he was compensated for his involvement or that he had more than limited knowledge or understanding of the scope of the conspiracy. As such, a minor role adjustment is applicable. U.S.S.G. § 3B1.2.

7

Criminal Action No. 4:13cr281(29) (Dkt. #1193, p. 8). As shown, Movant was given a two-level reduction. The Government objected to the two-level reduction, however, arguing that Movant was not a minor participant. A revised PSR was issued, which eliminated the two-level reduction, and Movant's trial counsel filed objections. Counsel noted the removal of the reduction made a four-year difference to the sentence in the proposed guideline range, and urged the Court to find that Movant is less culpable than the other participants and reinstate the two-level reduction.

The sentencing hearing was continued to August 7, 2015, to allow the parties and the Court to research whether Movant should receive the two-level adjustment. At sentencing, after hearing arguments from both parties, the Court noted it had read the relevant caselaw concerning this issue, and concluded that Movant's objections to the revised PSR should be overruled. The Court noted that the applicability of 3B1.2 rests on whether the Defendant's conduct "was minor in relation to the conduct for which he was held accountable, not in relation to the whole criminal enterprise as a whole." Criminal Action No. 4:13cr281(29) (Dkt. #1514, p. 10). "The conduct is how does your client's conduct compare to the average participant in the conspiracy as well." *Id.* The Court considered whether Movant's role was substantially less culpable or peripheral to the advancement of the illicit activity. Ultimately, the Court adopted the factual findings, undisputed facts, and guideline applications contained in the revised PSR. The Court concluded that Movant's offense level was 33, with a criminal history category of III, providing for an advisory guideline range of 168 months to 210 months. After considering the factors noted in 18 U.S.C. § 3553(a) and the sentencing guidelines, the Court sentenced Movant to the bottom of the range – 168 months on the conspiracy charge, and 60 months on the possession of firearm charge, for a total of 228 months' imprisonment. Movant did not receive the two-level adjustment for a minor participant.

On appeal, appellate counsel filed an *Anders* brief. In response, Movant filed a pleading objecting to counsel's withdrawal and raised the issue he now raises: that appellate counsel should have argued that Movant should have received the two-level adjustment under Amendment 794. The Fifth Circuit noted Movant's response to the *Anders* brief, and concurred with appellate counsel's assessment that there were no nonfrivolous issues for appellate review. Criminal Action No. 413cr281(29) (Dkt. #1736).

Movant fails to show the District Court abused its discretion at sentencing. He also fails to show that, had appellate counsel raised the issue, he would have prevailed on appeal. *Hooks*, 480 F.2d at 1198. In fact, the record shows that the Fifth Circuit considered Movant's complaint that appellate counsel did not raise that particular issue, and agreed with appellate counsel – "the appeal presents no nonfrivolous issue for appellate review." Criminal Action No. 413cr281(29) (Dkt. #1736). In sum, Movant fails to show counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

## CONCLUSION

The Court concludes that Movant's guilty plea was knowing and voluntary; thus, the guilty plea agreement must be upheld on federal review. *Wilkes*, 20 F.3d at 653. Therefore, Movant's argument that the Court erred in his sentencing is waived pursuant to the waiver in his plea agreement. Reserved for review, however, is Movant's claim that counsel was ineffective. Movant fails to meet his burden in showing that, but for appellate counsel's alleged deficient performance, he would have prevailed on appeal. *Smith*, 528 U.S. at 285; *Strickland*, 466 U.S. at 694.

**CERTIFICATE OF APPEALABILITY**

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is respectfully recommended that the court, nonetheless, address whether Movant would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, the Court finds that Movant is not entitled to a certificate of appealability.

Therefore, it is **ORDERED** that Movant's motion filed pursuant to 28 U.S.C. § 2255 is **DENIED,** and the case is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. All motions not previously ruled upon are **DENIED**.

**SIGNED this 6th day of March, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE